UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:     DONALD WAYNE ANDREWS, JR.,            Case No. 14-36384-KRH
                                                 Chapter 7
           Debtor.

**MEMORANDUM OPINION**

Before the Court is the amended motion of Donald Wayne Andrews, Jr. (the "Debtor") to vacate (the "Amended Motion to Vacate") the Local Rule 2003-1(B) order dismissing this case for the Debtor's failure to appear at his rescheduled § 341 meeting of creditors on April 21, 2015 (the "Order Dismissing Case"). The Court conducted a hearing on the Amended Motion to Vacate on June 24, 2015 (the "Hearing on the Motion to Vacate"). At the conclusion of the Hearing on the Motion to Vacate the Court denied the Debtor's motion. The Debtor filed a notice of appeal on June 26, 2015, and subsequently filed an amended notice of appeal on June 29, 2015. This memorandum opinion supplements the findings of fact and conclusions of law set forth by the Court on the record at the Hearing on the Motion to Vacate in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.[1]

**Jurisdiction and Venue**

The Amended Motion to Vacate is a contested matter arising under Rule 9014 of the Federal Rules of Bankruptcy Procedure. Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure set forth the framework under which the Court may consider the Debtor's motion. The Court has subject matter jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(a) and 1334 and the General Order of Reference from the United States District

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed R. Bankr. P. 7052.

Court for the Eastern District of Virginia dated August 15, 1984. The contested matter is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409.

**Factual and Procedural Background**

Donald Wayne Andrews, Jr. filed a voluntary petition *pro se* under Chapter 7 of the Bankruptcy Code on November 28, 2014 (the "Petition Date").[2] Sherman B. Lubman ("Lubman") was appointed interim trustee in accordance with 11 U.S.C § 701 (the "Trustee").[3] The meeting of creditors required by 11 U.S.C § 341 was scheduled for December 23, 2014 (the "§ 341 Meeting of Creditors"). The Office of the Clerk of the Bankruptcy Court (the "Clerk's Office") issued a deficiency notice to the Debtor on December 2, 2014 for his failure to file the schedules, statements, and lists described in Rule 1007 of the Federal Rules of Bankruptcy Procedure as the Debtor was required to do under 11 U.S.C § 521(a) (the "Deficiency Notice"). The Debtor responded to the Deficiency Notice by filing schedules and a statement of financial affairs on December 12, 2014. The Debtor thereafter amended his schedules on December 17, 2014.

The Court entered its standard administrative order on December 4, 2014 which among its provisions required the Debtor to: (i) safely care for, protect, and preserve his property; (ii) preserve all recorded information from which his financial condition might be ascertained and make that information available to the Trustee, (iii) cooperate with the Trustee as necessary for the Trustee to perform the Trustee's duties, (iv) make all reasonable efforts to provide the

---

[2] The Debtor demonstrated a degree of sophistication throughout the case that far surpassed that of the typical *pro se* petitioner.

[3] The function of the interim trustee is to protect the assets of the estate and to perform all administrative tasks that are necessary until the duly elected or designated trustee is qualified in accordance with 11 U.S.C § 702.

2

Trustee any documentation requested by the Trustee, and (v) appear at the initial § 341 Meeting of Creditors as well as any adjourned and subsequently reconvened § 341 Meeting of Creditors.

The Debtor attended the § 341 Meeting of Creditors on December 23, 2014 and submitted to examination as required by 11 U.S.C § 343.  The Debtor failed, however, to cooperate with the examination as required by 11 U.S.C. § 521(a)(3), Rule 4002 of the Federal Rules of Bankruptcy Procedure,[4] and the Court's administrative order entered December 4, 2014.  The Debtor refused to answer routine questions posed by the Trustee concerning the Debtor's employment and educational background.  The Debtor failed to provide the Trustee with a copy of a tax return filed by him for any of the five tax years preceding the Petition Date.[5]  The Trustee adjourned the § 341 Meeting of Creditors until February 3, 2015 in order to give the Debtor an opportunity to produce the documents and information he had requested.  The Office of the United States Trustee (the "U.S. Trustee")[6] issued a letter to the Debtor immediately following the § 341 Meeting of Creditors confirming the requests made by the Trustee for nine

---

[4] Rule 4002 of the Federal Rules of Bankruptcy Procedure complements § 521(a)(3) of the Bankruptcy Code by requiring the debtor to cooperate with the trustee in the preparation of an inventory, the examination of proofs of claim and the administration of the estate.

[5] Section 521(e)(2)(A)(i) of the Bankruptcy Code requires an individual debtor in a case under chapter 7 to provide to the trustee a copy of the debtor's Federal income tax return for the tax year ending immediately before the commencement of the case for which a Federal tax return was filed.  The debtor's failure to comply is grounds for dismissal of the case under § 521(e)(2)(A)(ii) of the Bankruptcy Code.  *See also* 11 U.S.C. § 521(e)(2)(B); Fed R. Bankr. P. 4002(b)(3); *In re Hall*, 174 B.R. 210 (1994) (finding that chapter 7 debtors, by refusing to file income tax returns, ran afoul of the provision of Bankruptcy Code requiring debtors to "keep" records from which their financial condition can be determined, thus resulting in the denial of a general discharge).

[6] The United States Trustees are senior officials of the Department of Justice appointed by the Attorney General of the United States to "supervise the administration of [bankruptcy] cases."  28 U.S.C. §§ 581–589.  United States Trustees serve as bankruptcy "'watchdogs . . . prevent[ing] fraud, dishonesty, and overreaching in the bankruptcy arena.'"  *A-1 Trash Pickup v. United States Trustee (In re A-1 Trash Pickup),* 802 F.2d 774, 775 (4th Cir. 1986) (quoting H.R. Rep. 95-595 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5963, 6049) (alterations in original).  United States Trustees act in the "'public interest . . . ensuring that bankruptcy cases are conducted according to law.'"  *In re Clark,* 927 F.2d 793, 795 (4th Cir. 1991) (quoting *In re Revco D.S., Inc.*, 898 F.2d 498, 500 (6th Cir. 1990)).  To this end, Congress has provided that "[t]he United States trustee may raise and may appear and be heard on any issue in any case or proceeding" under Title 11 of the United States Code.  11 U.S.C. § 307.

categories of documents (the "Document Requests"). The Document Requests included such routine items as bank statements, tax returns, and verification of household income.

Although notified in December of the rescheduled February date for the adjourned § 341 Meeting of Creditors, the Debtor waited until January 26, 2015 to file an Emergency Motion requesting a further adjournment of the § 341 Meeting of Creditors scheduled for February 3, 2015. The Trustee acceded to the Debtor's request for the adjournment and rescheduled the meeting for his next available date on March 17, 2015. On January 28, 2015, just two days after filing his Emergency Motion requesting adjournment, the Debtor responded to the Document Requests issued by the U.S. Trustee. The Debtor's response was wholly inadequate. It failed to comply with the majority of the Document Requests that had been made. Instead of complying, the Debtor filed a Motion for Protective Order. The Debtor asserted that information concerning his educational background was privileged and protected from disclosure under the Family Education and Privacy Act, 20 U.S.C. § 1232g. The Debtor scheduled a hearing on his Motion for Protective Order for February 11, 2015. In the meantime, the Debtor uploaded to YouTube an audio recording and transcript of his December 23, 2014, § 341 Meeting of Creditors along with an "index" providing the Debtor's editorial musings ridiculing the Trustee's performance.[7] The U.S. Trustee filed a Response to the Motion for Protective Order on February 6, 2015. The Debtor failed to appear at the February 11, 2015 hearing he had scheduled. By Order entered February 18, 2015, (the "Court's February 18 Order") the Court denied the Debtor's Motion for Protective Order and ordered the Debtor to forthwith fully and timely comply with all requests

---

[7] A copy of the transcript of the § 341 Meeting of Creditors was filed with the Court by the Office of the U.S. Trustee on February 9, 2015. According to the Debtor's Brief in Support of Motion to Reconsider, the internet posting made by the Debtor can be found at: *Trustee Sherman B. Lubman & Attorney Shannon Pecoraro bankruptcy meeting Part 1*, YouTube (Feb. 3, 2015), https://www.youtube.com/watch?v=zDsg8QfdbqA; and *Trustee Sherman B. Lubman & Attorney Shannon Pecoraro bankruptcy meeting Part 2*, YouTube (Feb. 3, 2015), https://www.youtube.com/watch?v=mRlY6dLDSug. While the Court respects the right of the Debtor to freely express himself in public media, the Debtor subsequently placed the "index" at issue before the Court when he filed it as part of his Objection and Motion in Opposition of Motion to Extend Time, Mar. 6, 2015, ECF No. 32.

4

made to him by the Trustee and the Office of the U.S. Trustee for information and documentation. The Court ordered the Debtor to appear at the adjourned § 341 Meeting of Creditors and answer all questions duly propounded by the Trustee and to cooperate with the Trustee and the Office of the U.S. Trustee. No further response to the Document Requests was ever forthcoming from the Debtor. Accordingly, the Office of the U.S. Trustee filed a Motion to Extend Time to Object to Discharge (the "Motion for Extension of Time").[8] The Debtor filed an Objection to the U.S. Trustee's Motion for Extension of Time wherein the Debtor complained that the U.S. Trustee was merely attempting to harass the Debtor and had not filed the motion for any justifiable purpose.

In the wake of the Internet posting of the § 341 Meeting of Creditors, Lubman resigned as Trustee on March 16, 2015. Bruce H. Matson ("Matson") was appointed in his stead as successor trustee in accordance with 11 U.S.C § 343 the next day. The § 341 Meeting of Creditors, which had been adjourned to March 17, 2015, at the request of the Debtor, had to be further rescheduled for April 21, 2015 in order to accommodate Matson's next hearing date.

The Court conducted a hearing on April 1, 2015, at which it granted the U.S. Trustee's Motion for an Extension of Time. By order entered April 8, 2015, the last day to file a complaint to object to the Debtor's discharge was extended through and including May 26, 2015. The Debtor, thereafter, refused to produce the documents responsive to the Document Requests as required by the Court's February 18 Order and he failed to appear before Matson at his rescheduled § 341 Meeting of Creditors on April 21, 2015. An order was entered on April 23,

---

[8] Both (i) the debtor's withholding of information relating to his financial affairs from an officer of the bankruptcy estate and (ii) the debtor's refusal to obey a lawful order of the bankruptcy Court constitute grounds for the denial of a chapter 7 discharge. A complaint objecting to a debtor's discharge must "be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4004(a). But "the court may, for cause, extend the time to object" on motion of "any party in interest." *Id.* at 4004(b); *see also Jenkins v. Simpson (In re Jenkins)*, 784 F.3d 230, 234 (4th Cir. 2015).

2015 pursuant to Local Rule 2003-1(B) dismissing the Debtor's case. The Debtor filed a motion to vacate the Order Dismissing Case on May 1, 2015, but he failed to serve the motion. The Clerk's Office issued a deficiency notice to the Debtor via first class mail on May 6, 2014, alerting him to the fact that he had failed to serve the motion to vacate on any party in interest. The Debtor failed to timely correct the deficiency. The Debtor waited until after the time had expired for objecting to his discharge before he filed his Amended Motion to Vacate. The Amended Motion to Vacate was not filed until June 1, 2015. Although it was properly served on the Trustee, the Debtor's creditors, and all other parties in interest, the Debtor did not notice the hearing on the Amended Motion to Vacate until June 24, 2015.

    At the Hearing on the Motion to Vacate, the Court found that no adequate reason had been presented establishing cause for vacating the dismissal of the Debtor's bankruptcy case under either Rule 9023 or Rule 9024 of the Federal Rules of Bankruptcy Procedure. In fact, as of the date of the Hearing on the Motion to Vacate, none of the additional information in the Document Requests had been provided to the Trustee or to the Office of the U.S. Trustee. The Court further found that granting the Amended Motion to Vacate at this juncture of the chapter 7 case, after such a long delay had ensued between the entry of the order of dismissal and the Hearing on the Amended Motion to Vacate, would unduly prejudice the creditors of the bankruptcy estate. The Court concluded that the Debtor had purposely prolonged the case in order to avoid disclosure of the information he had been requested (and subsequently ordered) to produce while taking great care to bypass the date set for objecting to his chapter 7 discharge. Accordingly, the Court entered an order denying Debtor's Amended Motion to Vacate on June 26, 2015.

**Analysis**

In order for the Court to vacate the Order Dismissing Case, it must find that the Debtor has satisfied either Federal Rule of Bankruptcy Procedure 9023 or 9024. Bankruptcy Rule 9023 incorporates Federal Rule of Civil Procedure 59.[9] Relief under Rule 59(e) "is an extraordinary remedy. Exercise of this power must of necessity be used sparingly. When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Authority*, 814 F.Supp. 1072, 1072–73 (M.D. Fla. 1993); *see also First Community Bank v. E.M. Williams & Sons, Inc.*, 08-3055-KRH, 2009 WL 2211727, at *2 (Bankr. E.D. Va. 2009). The purpose of such a motion "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985). Thus, the Debtor can only prevail on his Amended Motion to Vacate under Rule 9023 if he can establish that the Court's dismissal of his case was due to a manifest error of law, or that new evidence has come to light that would warrant reinstatement of the case. The Debtor's motion does not allege that his dismissal under Local Rule 2003-1(B) was a misapplication of law, nor did he present any such argument at the Hearing on the Motion to Vacate. The Debtor's sole argument regarding why the Order Dismissing Case should be vacated under Rule 59 is that he did not receive proper notice of the rescheduled § 341 Meeting of Creditors. While newly presented evidence of insufficient notice may suffice in some circumstances to warrant vacating the automatic

---

[9] While the Bankruptcy Rules do not specifically address motions to vacate such as the one the Debtor has filed here, courts generally agree that such motions are "generally considered under Federal Rule 59(e) entitled 'Motion To Alter or Amend a Judgment,' which is incorporated by reference in Bankruptcy Rule 9023." *In re Village Craftsman, Inc.*, 160 B.R. 740, 744 (Bankr. D.N.J. 1993) (citing *In re 6 & 40 Invest. Group Inc.*, 752 F.2d 515, 515 (10th Cir. 1985); *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979); *In re Curry & Sorensen, Inc.*, 57 B.R. 824, 827 (B.A.P. 9th Cir. 1986); *In re Williams*, 124 B.R. 864, 866 (Bankr. N.D. Fla. 1991); *In re Oklahoma P.A.C. First Ltd. P'ship*, 122 B.R. 387, 393–94 (Bankr. D. Ariz. 1990)).

7

dismissal of a case by the Clerk's Office, that is not the case here. To the contrary, the Court finds that the Debtor was provided with adequate notice of the rescheduled time and date of the adjourned § 341 Meeting of Creditors. The adjournment of the § 341 Meeting of Creditors was publicly announced during the March 17, 2015, meeting which the Debtor was required to attend. The Debtor was thereafter served with a copy of the notice of rescheduled meeting of creditors via first class mail addressed to Donald Wayne Andrews, Jr. at 2408 Burgage Lane, S. Prince George, VA 23805-7419 on March 19, 2015. All creditors of the bankruptcy estate were similarly served with a copy of the notice of the rescheduled § 341 meeting via first class mail as well. The time and date of the rescheduled § 341 Meeting of Creditors was conspicuously displayed on the Court's case docket, which is publicly accessible through the Internet on the Court's web site. Therefore, the Court concluded that the Debtor had not presented adequate grounds to grant his Amended Motion to Vacate under Bankruptcy Rule 9023.

In order to prevail under Bankruptcy Rule 9024, which incorporates Rule 60 of the Federal Rules of Civil Procedure, the Debtor must establish four threshold requirements: (i) that the motion is timely; (ii) that the movant has a meritorious defense to the action; (iii) that the opposing party would not be unfairly prejudiced by having the judgment set aside; and (iv) that exceptional circumstances warrant the requested relief. *Summit City Limits, LLC v. AMF Bowling Worldwide (In re AMF Bowling Worldwide)*, 12-36495-KRH, 2013 WL 5575470, at *3 (Bankr. E.D. Va. Oct. 9, 2013) (citing *Dowell v. State Farm & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citing *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). Once the Debtor has met this threshold burden, he must then satisfy one of six grounds to obtain relief. *See id.* Applicable subsection 60(b) reads:

8

(b) **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60 should be liberally construed for the purposes of doing justice, in light of all relevant facts. *See Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). However, "an application for relief under its provisions must be clearly substantiated by adequate proof." *In re Four Seasons Secs. Laws Litig.*, 63 F.R.D. 422, 429 (W.D. Okla. 1974). "Because [Civil] Rule 60 is an exception to the general policy of favoring finality of judgments, relief is granted only to prevent what would otherwise be a clear miscarriage of justice." *AMF Bowling Worldwide, Inc.*, 2013 WL 5575470, at *3 (citing *In re Jason*, Case No. 01-10082-SSM, 2005 Bankr. LEXIS 2833, at *14 (Bankr. E.D. Va. Sept. 13, 2005) (citing *Dowell*, 993 F.2d at 48)).

The Court finds that the Debtor has not satisfied any of these six grounds, and has not substantiated his claims with adequate proof. There has been no showing of mistake, inadvertence, surprise, or excusable neglect; as stated above there has been no newly discovered evidence to warrant vacating dismissal; there have been no allegations of fraud brought by the Debtor; the Court's judgment is not void; nor has the judgment been satisfied, released or discharged; and the Debtor has not demonstrated that any other justifiable ground exists for allowing him to proceed in this case. Therefore, the Court concluded that the Debtor had not

9

satisfied Rule 9024 of the Federal Rules of Bankruptcy Procedure, and the Court did not grant the Debtor's Amended Motion to Vacate thereunder.

To the contrary, the Court finds that granting the Debtor's Amended Motion to Vacate would amount to a clear miscarriage of justice and would unfairly prejudice the creditors of the bankruptcy estate. A debtor who files a bankruptcy petition receives incredibly broad and comprehensive relief from all forms of creditor process. The automatic stay under 11 U.S.C § 362 is designed to give the debtor an immediate breathing spell, protecting the debtor from all collection efforts, harassment, and foreclosure actions. *See* H.R. Rep. No. 95-595 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6296–97. The stay is "applicable to all entities." 11 U.S.C. § 362(a).[10] Although the stay does not extinguish a creditor's claim, chapter 7 of the Bankruptcy Code serves as a vehicle while the stay is in place for debtors to receive the protections afforded by the bankruptcy discharge under 11 U.S.C. § 524. Thus, bankruptcy can provide honest debtors with the opportunity for a fresh start "unhampered by the pressure and discouragement of preexisting debt." *Wachovia Bank, N.A. v. Voccia (In re Voccia),* 477 B.R. 625, 631 (Bankr. E.D. Va. 2011) (quoting *Lines v. Frederick*, 400 U.S. 18, 19 (1970)) (citing *Farouki v. Emirates Bank Int'l, Ltd.*, 14 F.3d 244, 249 (4th Cir. 1994)) (internal quotation marks omitted).

In exchange for receiving the benefits of the automatic stay and the bankruptcy discharge, debtors are expected to fully, honestly, and unconditionally cooperate with the administration of their bankruptcy estates. Section 521 of the Bankruptcy Code imposes certain duties upon debtors, the performance of which are "absolutely necessary to protect the integrity of the

---

[10] Indeed, the Debtor in the case at bar filed his bankruptcy petition to avoid incarceration for having violated a state court contempt order issued in connection with child support proceedings. *See* Tr. of 341 Meeting Before Sherman B. Lubman, Trustee, at 8, Dec. 23, 2014, ECF No. 27; s*ee also* Brief in Support of Motion to Reconsider, Mar. 6, 2015, ECF No. 33.

10

bankruptcy process." *United States Tr. v. Halishak (In re Halishak),* 337 B.R. 620, 624–25 (Bankr. N.D. Ohio 2005). One important duty set forth in § 521(a)(3) of the Bankruptcy Code requires that the debtor cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties. The term "cooperate" is intentionally broad as it applies to all chapters of the Bankruptcy Code and to all the different forms of relief available thereunder. For purposes of chapter 7 of the Bankruptcy Code, the provision is construed to mean that the debtor is required to assist the trustee with all aspects of estate administration upon the trustee's request so long as the request is not unreasonable. Debtors are not allowed to "play fast and loose with their assets or with the reality of their affairs." *Farouki*, 14 F.3d at 249 (quoting *In re Tully*, 818 F.2d 106, 110 (1st Cir. 1987)) (internal quotation marks omitted). Trustees are not required "to engage in a laborious tug-of-war to drag the simple truth into the glare of daylight." *Hatton v. Spencer (In re Hatton)*, 204 B.R. 477, 482–83 (E.D. Va. 1997) (quoting *In re Tully*, 818 F.2d at 110). Debtors are required to provide complete, truthful, and reliable information at the outset of the bankruptcy case so that subsequent decisions can be based on fact rather than fiction. *See In re Tully*, 818 F.2d at 110; *In re Farouki*, 133 B.R. 769, 782 (Bankr. E.D. Va. 1991).

One such decision that must subsequently be made in every chapter 7 bankruptcy case on a timely basis is whether to object to a debtor's discharge. "The consequence of missing the deadline to object is severe." *Jenkins v. Simpson (In re Jenkins)*, 784 F.3d 230, 234 (4th Cir. 2015).[11] The Trustee in the case at bar never received the additional Requested Documents that would have enabled him to timely make that necessary determination. The case had been dismissed due to the Debtor's omissions when the critical date approached and then passed. To permit the case to be reinstated at this late juncture would be improvident, especially in light of

---

[11] With respect to a Chapter 7 debtor, "'on expiration of the time[] fixed for objecting to discharge . . . the court shall forthwith grant the discharge,' subject only to limited exceptions. . . ." *Jenkins*, 784 F.3d at 234 (quoting Fed. R.Bankr. P. 4004(c)(1)).

11

the Debtor's recalcitrant conduct.  Not only has the deadline for filing a complaint objecting to discharge expired, but so also has almost every other deadline set in the case.  The unreasonable delay occasioned by the Debtor's conduct would prejudice the creditors of the bankruptcy estate if the Court were to vacate the Oder of Dismissal.  It is clear to the Court that the Debtor has sought to take advantage of the protections afforded by the Bankruptcy Code while purposely frustrating the proper administration of his bankruptcy estate.  The Debtor failed to cooperate with the Bankruptcy Trustee.  The Debtor ignored two lawful orders issued by this Court.  At best, the Debtor's conduct suggests that the Debtor did not take the bankruptcy proceeding he commenced seriously.  At worst, it demonstrates an intentional abuse of the system amounting to bad faith.  Under either view, dismissal of the bankruptcy case would have been warranted under § 707 of the Bankruptcy Code had such a motion been presented in a different procedural context.  Taking into account the disruption these abuses have inflicted upon the orderly administration of the bankruptcy estate, and the resulting delay these abuses have caused in this case, the Court cannot find any justification for vacating the Order Dismissing Case under either Rule 9023 or Rule 9024 of the Federal Rules of Bankruptcy Procedure.  Accordingly, the Court denied the Debtor's Amended Motion to Vacate the Order Dismissing Case.

ENTERED: Jul 21 2015

      /s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

ENTERED ON DOCKET: Jul 21 2015

Copies to:

**Donald Wayne Andrews, Jr.**
2408 Burgage Lane
S. Prince George, VA 23805

**Bruce H. Matson**
LeClair Ryan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
P.O. Box 2499
Richmond, VA 23218-2499

**Robert B. Van Arsdale**
Office of the U. S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219