IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE: DONALD WAYNE ANDREWS, JR.,

Civil Action No. 3:15cv395
Debtor/Appellant,   Bankruptcy Case No. 14-36384-KRH

## MEMORANDUM OPINION

Debtor/Appellant, appearing *pro se*, filed a Notice of Appeal and Supplemental Notice of Appeal (ECF No. 1-1) that appeals the United States Bankruptcy Court for the Eastern District of Virginia's dismissal of his Chapter 7 Bankruptcy Petition and denial of his motion to vacate. (ECF No. 1.) On August 4, 2015, this Court ordered Debtor/Appellant to file his appellant brief not later than thirty (30) days from the date of entry thereof. (Aug. 4, 2015 O. ¶ 1 (footnote omitted), ECF No. 3.) Debtor/Appellant failed to file his brief as directed, and the time to do so has expired. Debtor/Appellant has not sought additional time to comply with this Court's order.

Pursuant to Fed. R. Bankr. P. 8003(a)(2)[1] and Fed. R. Civ. P. 41(b),[2] the Court will dismiss the appeal. Debtor/Appellant's failure to file his brief as directed demonstrates a failure to prosecute. An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: 9-10-15
Richmond, Virginia

---

[1] "An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2).

[2] "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-- operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).